**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CAUSE NO. 1:08-CR-59 |
| ) | |
| EMANUEL WILSON ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Before the court is Defendant, Emanuel Wilson's "Request of Amended Judgment" filed on April 22, 2009. The Government responded on May 12, 2009 to which the Defendant did not reply.

The Defendant was originally charged in a three count Indictment with two counts of distributing five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Because the Defendant had a prior felony drug conviction, he was eligible for an enhanced mandatory minimum sentence of ten years or 120 months imprisonment if the Government filed an information pursuant to 21 U.S.C. §851 seeking the enhancement.[1]

Subsequently, the Defendant and the government negotiated a Plea Agreement, and the Defendant pled guilty before United States Magistrate Judge Roger B. Cosbey on September 16, 2008 (DE 22, 23). In the Plea Agreement, the Government agreed not to file the §851 enhancement in exchange for the Defendant's agreement to plead guilty to Count 1 and waive his appellate and post-conviction proceeding rights. In addition, the Defendant and the Government specifically

---

[1] The Defendant was convicted of possessing crack cocaine with the intent to distribute in this Court on May 23, 2002, in cause number 1:01-CR-56 WCL.

agreed to a term of imprisonment of 84 months pursuant to Fed.R.Crim.P. 11(c)(1)(C).

Thereafter, the probation officer prepared a presentence investigation report and determined under the advisory sentencing guidelines that the defendant's total offense level was 23 and his criminal history category was IV with a corresponding guideline range of 70-87 months. At sentencing, the Defendant prevailed on an objection relating to a two-level enhancement for guns pursuant to U.S.S.G. §2D1.1(b)(1) which reduced his advisory guidelines range to 57-71 months. Despite these findings, however, the Court accepted the Plea Agreement and the defendant was sentenced to the agreed term of imprisonment in that agreement.

In his present filing, Wilson seeks a lower sentence contending that at the time he signed his plea agreement he was unaware that his advisory guidelines range would be lower than the 84 months he agreed to in the Plea Agreement. However, as the Government points out, Wilson has not sought to invalidate his Plea Agreement[2] and, if he did, he would be in a worse position than he is now since the Government would file the §851 enhancement thereby leaving him with a mandatory minimum sentence of 120 months imprisonment, not the advisory guidelines sentence.

Simply put, the defendant has not presented any grounds in the current request for an amended judgment which would warrant court intervention to reduce his sentence under the facts as set forth. The Defendant entered into a Plea Agreement which provided for a sentence of 84 months imprisonment in exchange for the Government's promise not to file the §851 enhancement which would have required a 10 year mandatory minimum sentence. The Court accepted the Plea

---

[2]In theory, Wilson could file a petition under 28 U.S.C. §2255 to vacate, set aside, or correct his sentence. But, the likelihood of Wilson prevailing on such a motion is minimal since Wilson waived the right to challenge his sentence or the manner in which it was determined in the Plea Agreement and he has not asserted any challenge to that provision of the Plea Agreement nor has he alleged ineffective assistance of counsel.

Agreement and sentenced the defendant accordingly. There is no basis for a reduction of sentence.

The Request For Amended Judgment is DENIED.

SO ORDERED.

This 24th day of June, 2009

s/ William C. Lee<br>United States District Court